Our next case for this morning is Tilden v. CIR, Mr. Jones. Good morning, Your Honors, Paul Jones for Petitioner Robert Tilden. May it please the Court, this case arises out of a petition to the United States Tax Court that was dismissed for lack of jurisdiction. The issue before the Court is whether that dismissal was proper. The Petitioner argues to this Court that the Tax Court did have jurisdiction. So a petition is ripe when a petition is filed within 90 days of the taxpayer receiving a notice of deficiency. That jurisdiction is a statutory matter, and the Tax Court, being an Article I court, is granted its jurisdiction through statutes. Counsel, what does any of this have to do with jurisdiction in the sense that the Supreme Court uses that term? This appears to be a timing rule, but timing rules aren't jurisdictional. Well, the jurisdiction is conferred by statute, because the... We understand that, but the point is, for at least the last seven or eight years, if not decade, the Supreme Court has been telling us, I was going to say urging us, but actually they're telling us. They're telling us. They're telling us. Don't put everything in the jurisdictional box. If it's in the jurisdictional box, such as A and B are not diverse citizens or something, then, of course, you dismiss it whenever the jurisdictional flaw comes up. But there are many rules that used to be somewhat carelessly called jurisdictional rules that the Court is now saying are really claims processing rules. And the question that Judge Easterbrook posed, which I also have, is whether the 90-day deadline that we're looking at here doesn't mean it's unimportant, but it just means it's a claims processing rule, and hence is waivable, can be overcome in various ways, and isn't the sort of thing that deprives the Court of fundamental authority to adjudicate the case. So you need to explain to us whether you think this belongs unusually, such as in Bowles against Russell, in the jurisdictional box, or whether it belongs in the claims processing box. In that regard, Your Honor, and I apologize, I'm somewhat unprepared to deal with that specificity. However, I would, understanding what the Court is asking, put it in a claims processing type of box. I think that's wise on your part, because the Supreme Court has tried to do that for that look like this one. I mean, it may be, I mean, it's, I'm not saying that's inevitable, but it seems, based on a lot of cases, that that may be the right place. So if it is a claims processing rule, what does that do to your client's position? Whether it is the word jurisdiction is used, or if it's a claims processing type of a question, the issue would be the same in terms of we are looking at the language of statutes to tell us what the result should be. So what about this problem? One of your arguments is that stamps.com provides its own private postmark, essentially. It's not the thing that you get from a postal clerk. Suppose somebody processed their stamps.com postage, and they affixed it to the envelope, and then they stuck the envelope on the back of their desk, and it sits there for two weeks before they actually put it in the mail. Do you rely on the postmark in that instance? The terms and conditions of the stamps.com, in other words, the use by the user requires them to use the stamp in the same day that it was printed, in the case of the certified. But the question is, what if you don't? I was going to ask Chief Judge Wood's question with a different nomenclature, which is, in what sense is the date on a stamps.com receipt a private postmark? It seems to represent the date on which stamps.com debited somebody's account and allowed you to print the label containing the postage. But it doesn't appear to represent a date that anything was handed over to the Postal Service. To put it differently, it represents the date of a transaction between the buyer and stamps.com. It's a purchase date. It doesn't represent the date of a transaction between the buyer and the Postal Service. Certainly. And I would agree with that assertion, as I pointed out the terms and conditions when we're dealing with. Okay. So then the question that follows is, in what sense would this be a private postmark? In the same way that it would be a private postmark for any other type of private postmark service. Well, what do you think of as any other private postmark service? The old Pitney Bowes meter? Sure. There's a Pitney Bowes meter or, I mean, there are... I would have the same question about the Pitney Bowes meter. It shows the date on which one ran the letter through the meter. It doesn't show the date of tender to the Postal Service. And you can also, even the... I can imagine a service where you get a courier service and the courier service says, I'm going to take this and deliver it to the Postal Service and stamps a date on it. That sounds like it might be a private postmark. But then the other question is, is the risk of not transmitting things through the mail addressed by the regulations, by the provision that looking at the amount of time it takes, in your instance, to get from Utah to Washington, which apparently was a week in some, is that in some way relevant to this question? I'm not sure that I understood your question. Do you mind repeating it? The risk, if you take it to the post office and you get a real postmark, such as your client might have done if the secretary hadn't written in the date on the certified mail thing, if you get a postal postmark, you are protected. You're fine. The stamps.com, the Pitney Bowes, all these other things tell you only when the postage was purchased. But the post office presumably knows that. They have the regulations. And so maybe they're saying we're willing to rely on date of purchase if the document actually shows up within the same time it would have shown up if you had taken it to the post office, right? That's roughly what the regulation says. That's correct. So they're willing to forgive a little slippage in the system at the front end if it shows up at the back end at the right time. Correct. And to the point, I think that you both are somewhat making, extrinsic evidence is needed to evaluate whether the mail piece that was generated by the private postmark system was deposited in the mail or not. And that is the test that's been outlined in the regulations, is to evaluate how long it took to get there, comparing it against a piece of mail that was mailed with the United States issued postage on it. And that comparison was made in the record. I would point out that even the United States Postal Service now has kiosks. They have self-service kiosks that postage can be printed out in a manner that is similar to stamps.com, and that would be United States postage. But there would be nothing precluding an individual from engaging in the same type of behavior which is suggested by the court's question. Printing out the postage, sticking the letter back in your pocket, and walking away. Sure. Yeah. The issue, however, really relies on, well, what evidence is before the court that indicates that it was deposited timely into the mail? And here we have- But the tax court judge thought that the best evidence of that was the tracking information, which only picks up two days later. That actually is in the post office's system. It is. And the issue there that we take exception with is that that is the tax court engaging in rulemaking when it should not be engaging in rulemaking. The United States Supreme Court in Freitag versus Commissioners stated explicitly that the tax court is not to be a rulemaker, and the tax court here extended its authority and engaged in rulemaking when it announced that memorandum of decision that we're asking this court to reverse. And in fact, you know, the rule- Let me ask you one more question. Sure. You asked for a remand, and the Commissioners also asked for a remand, but I wonder whether the record has any evidence that the date on the stamps.com receipt is the date the envelope was tendered to the Postal Service. There is an affidavit by- No, there is no affidavit. There is a document which the tax court said was not evidence because it was not an affidavit. It was not, in other words, under penalty of perjury, so it's not an affidavit. I'm asking you, is there any evidence, admissible evidence, of the date the document was tendered to the Postal Service? To my knowledge, that declaration was not overruled or not accepted into evidence. There's nothing on the record that I'm aware of that- That's right. But that's what you have, so I take it your real answer is, without that, nothing. If there were a remand, perhaps an affidavit- Perhaps it could be attested properly. Yeah, it could be attested properly, and the evidence would be there, and you would have the Secretary, whoever it was, state again that that's what she did. I would also point out that the Commissioner has, we have breached the stipulation on this tax rules- A stipulation that she, in fact, did what she said she did in the declaration. Sure, that the facts underlying the test in the regulation were met in this case. They conceded that, and the stipulation per Rule 91 of the Tax Court Rules of Procedure would require the court to accept that as a fact found. Okay, well, your time has run out, so we will see what your opponent has to say about this. Thank you. Mr. Metzler, have you, in fact, stipulated to the information contained in the Secretary's statement? I don't believe it was a stipulation. I think in response to a motion for reconsideration, we did indicate that we thought that the provision of the regulation that deals with private postmarks and ordinary delivery was met, although it is our view that it's not a decision for us to make, it's a decision for the tax court to make. They get to determine their own jurisdiction. So we know two things, as I understand this. We know the date that's printed on the stamps.com receipt, and the regulations attach some significance. And we know the date that the envelope was received, right, by the tax court. And I guess it was, my recollection, it's an eight-day period, but after some thinking about it, everyone seems to have decided that that's within the normal range that you would have, maybe the long end, but the normal range for first-class mail to get from Utah to Washington. So By Pony Express. I know. That's about the Pony Express time schedule. I've been accused of having a heavy foot, but you know, I think I could probably drive from Utah to Washington in that time. But we need to decide, first of all, whether we're looking at claims processing rule or a jurisdictional rule. I'd like some comment from you about that. And secondly, what exactly is left to be done, except maybe a very ministerial act of this person who submitted the deficient statement, just getting it properly attested and submitting the statement to the tax court, and then on to the merits, one would assume. First of all, on the jurisdictional issue, it wasn't something that was briefed, and I can give you sort of half. Jurisdiction is the first issue in every case. I'm always perplexed when lawyers say, well, we didn't think about jurisdiction because somebody else didn't raise it. Counsel must raise jurisdiction in every case. Well, Your Honor, we did cite the Sanders case and the Petroulas case, both out of this circuit, and both of those states said, pursuant to IRS 6213, the timely filing of a tax court petition is a jurisdictional prerequisite for filing suit in the tax court. That is this court's precedent. So we really didn't think there was anything. It's precedent if that was a contested issue in the case. It is not precedent if it's a stray remark. One has to determine what a holding is. Well, as I say, other than we assume that this really wasn't a contested matter, I will say this, that I understand that this is an issue that's coming up, and I have this coming up in a couple cases, one's called Dugan out of the Ninth Circuit, which the Ninth Circuit has just asked us to respond to an amicus brief on. In other words, in the Tuesday case in the Third Circuit, I have not gotten into the issue fully yet. So I would think that the best thing, if the court really wants to get into this, would be to ask for briefing on the matter, but I also would point out that— Well, let me just remind you, as Judge Easterbrook says, this is an issue in every case, but earlier cases, then the line of cases, just a few, you know, Reed-Elsevier, Arbaugh, there are quite a few cases that the Supreme Court has had, and we've cited them as well in many areas that remind us that jurisdiction goes to the court's fundamental power to adjudicate the case, as opposed to claims processing, which is how many employees in Arbaugh or in the MnChem case, does something have the right contacts with the United States? There are all sorts of things that the court has said are not jurisdictional. So we're quite familiar. I don't think we really need supplemental briefs on that, but— I would just say also, from my somewhat familiar, being somewhat familiar with the issue, but not really—I would just represent you today that I'm not really here to fully argue it, but in the Supreme Court case, Dahms, which deals with 65-12 in the refund context, they did say that that time limit was jurisdictional, and it's my belief that there was another case out of the Supreme Court recently, I think it was Jack Daniels, which reaffirmed that one of these time limits was jurisdictional. And the Supreme Court can—and the Congress can do that when it wants to, but the Supreme Court can't do that for that. But again, I didn't—my only point here is I think that if we need to address whether this is jurisdictional, we had come in here with the impression that the Sanders and Petroulas cases out of this circuit had resolved the jurisdictional issue, and that if the court wanted to reopen it, it would seem to me that it might have to go on bonk, but I just throw out that suggestion. But anyway— Well, anyhow, so what's your answer to these concerns that we've expressed about the vagueness of the information you get from whatever, it's Pitney Bowe, Stamps.com, all of these private services? My guess is that the Postal Service would be horrified if this didn't work as a way of affixing postage, because they're having enough trouble competing with private agencies anyway. My understanding is that the Postal Service has an arrangement with Stamps.com, and essentially what it is is it's pre-canceled stamps, so that when they issue that Stamps.com, like with a postmark, you put a stamp on, and the post office stamps and cancels the stamp right there. It's a little bit different with the Stamps.com, because it's self-canceling postage. And it seems to us that it comes within this B-1 regulation. We've mentioned that there's a regulation, referred to in our brief for shorthand, there's a B-1, a B-2, and a B-3, and the tax court went with B-3, thinking that there was both a U.S. postmark and a private postage, and for the reasons we stated in our brief, we think that's wrong. I can go into those again, but I don't think the court's too interested in that one, correct? But on the B-1, we think, first of all, that the tax court should be given a chance to consider that, because it hasn't been. What do they need to do, in your view, if we were to send it back to the tax court? Now you're the tax court judge. You're setting some kind of case management plan. What's going to happen, in your opinion? It would look at the evidence and determine— What evidence? Whether it's a declaration. That's not evidence. So what evidence? Open the record up for new evidence, perhaps. Yeah, it could do that. And fix the declaration, and make it a real affidavit, or bring in the witness, or what have you. But what else? I mean, isn't—I'm having trouble thinking that there's a whole lot that needs to happen other than just go to the merits of Mr. Tilden's claim. We said, at the very end of the tax court proceedings, that we thought that the B-1 regulation would be satisfied. And I think that some of that has to do with the fact that, really, the eight days— And so if there were actually an affidavit to the effect of this deficient statement that got filed, isn't that your saying that that would be enough? First of all, we have the stamps.com receipt. It shows 4-21-2015. It's got the address in Utah. We know when it's received. Those two bookends are there. And then we would have, hypothetically, the affidavit from the person saying, yes, indeed, it was 4-21-2015 that I deposited this in that local post office that she said she went to. Aren't we done then? Haven't we satisfied the regulation? I think the question, quite frankly, that the tax court could still have is, eight days would, under the evidence that was submitted to the court, was outside the normal time. I thought you—isn't that the flip-flop that you did, though? We did. We did. And what we— So why isn't that binding on you now? Well, we think it probably is binding on us, but we can't confer jurisdiction on the tax court. Well, see, that's why this jurisdictional issue is critical, because if it's a claims processing rule, it's just a fact. You can concede it. The world doesn't come to an end, and the case goes on. People can waive their rights or just not even raise it. If you think about the statute of limitations, the defendant doesn't raise the statute of limitations. The suit proceeds even if the complaint was untimely. I understand your point. You may not know, but we've said that the time for filing a notice of appeal in a criminal case is non-jurisdictional. Under Bose, the time in a civil case is jurisdictional. The time in a criminal case is not jurisdictional. We always ask the United States, are you standing on your right under the rules? Sometimes they say yes, sometimes they say no. You can do the same thing here if this is not jurisdictional. It's not entirely in the hands of the tax court. Well, I guess I understand your point that it has to be decided then whether this is jurisdictional, and before today, this really wasn't raised by the court. I admit that I am somewhat familiar with that. If you say here, I gather what you're saying is that the IRS chooses not to contest the timeliness of this filing, that you believe that sub one applies and that this filing was timely under sub one. That was the position we took, yes. Well, if that's the IRS's position, if this is not a jurisdictional rule, then we just remand with instructions to the tax court to decide the merits. There's nothing for the tax court to do about time. Yes. Well, as far as jurisdictional goes, I would simply say that we do have at least two cases cited in our brief for this circuit that say it is jurisdictional, and that we realize, and I mentioned that this is a issue that is of some controversy. I mentioned that there are at least two cases coming up, but I also do want to caution the Understood. All right. Well, thank you very much then. And I think your time, yeah, okay. So apparently everybody's time has run out. We will take the case under advisement and proceed to the next case.